UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 NOV 29  P 2: 55

CLERK'S OFFICE
AT BALTIMORE

--------------------------------------------*

Hassan Crawford
NON-DOMESTIC
c/o 4932 Old Court Road
Baltimore, Maryland
zip code exempt (dmm 122.32)

                Plaintiff,

vs.

AFNI, INC.
P.O. BOX 3097
BLOOMINGTON, IL 61702

                Defendant.

--------------------------------------------*

**COMPLAINT**    BY _____ DEPUTY
**PLAINTIFF DEMANDS TRIAL BY JURY**

ELH 11CV3455

Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE MARYLAND CONSUMER COLLECTION PRACTICES ACT, THE MARYLAND DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, AFNI, INC., and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Maryland Consumer Collection Practices Act (ss 559.72 (hereafter "FCCPA")), and the Maryland Deceptive and Unfair Trade Practices Act (ss 501.201 et. seq. (hereafter "FDUTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Maryland and

Baltimore Counties in the State of Maryland, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Baltimore County, in Maryland.
6. The Defendant Collection Agency, AFNI, INC. is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendant Collection Agency AFNI, INC., were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed.
8. The Defendant AFNI, INC. was the collection agency during the period inclusive of Summer 2007 to present.
9. The Defendant AFNI, INC. during the period extending from September 2007 to present is the collection agency attempting to collect the alleged debt.
10. All Defendants are considered a "person", according to Black's Law Dictionary.

FACTS

11. Plaintiff pulled annual free credit report on October 25, 2011 and noticed an item from AFNI, INC., dated for collection on 09/16/2009, updated on 11/01/09 and shows VERIZON INC. as the Original Creditor.
12. Plaintiff then mailed on October 26, 2011 to AFNI, INC., a validation and verification of debt request, giving them until November 11, 2011 to respond.
13. Plaintiff has never had a VERIZON account.
14. Plaintiff never received a validation or verification.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

15. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
16. The defendant AFNI, INC., and it's employee agents are debt collectors, as defined by 15 U.S.C. § 1692a(6).
17. The defendant AFNI, INC. violated the FDCPA by:
18. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt
19. Violations of § 1692e (8) communicating information which is known to be false
20. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

21. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
22. AFNI, INC., regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
23. AFNI, INC., did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.
24. AFNI, INC., failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).
25. AFNI, INC., failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of Collection Agency.
26. AFNI, INC., failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).
27. AFNI, INC., failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).
28. AFNI, INC., in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of AFNI, INC..

COUNT 3- VIOLATIONS OF THE MARYLAND
CONSUMER COLLECTION PRACTICES ACT

29. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
30. AFNI, INC., violated Maryland Statute 14-202 (5), by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.
31. AFNI, INC., violated Maryland Statute 14-202 (3), by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
32. The Defendant AFNI, INC., violated Maryland Statute 14-202 (3), by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
33. The Defendant AFNI, INC., violated Maryland Statute 14-202 (3), as evidenced by the fact that AFNI, INC. disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.
34. AFNI, INC. failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.
35. The Defendants each separately and individually violated Maryland Statute 14-202 (3), by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

COUNT 4- VIOLATIONS OF THE MARYLAND DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT

36. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
37. The actions stated herein and carried out by the defendants were violations of Maryland, State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by state statute 13-301.
38. Unfair and/or deceptive trade practices are a violation of the Maryland Deceptive and Unfair Trade Practices Act pursuant to 13-301.

COUNT 5- INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

39. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
40. The Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.
41. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.


REQUESTED RELIEF
WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the Maryland Consumer Collection Practices Act, and the Maryland Deceptive and Unfair Trade Practices Act.
(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:
1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.
2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.
(C) For an order awarding actual damages in the following amount:
1. Against AFNI, INC. in the amount of $200.
(D) For an order awarding statutory damages in the following amounts:
1. Against AFNI, INC., for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.


(E) For an order awarding punitive damages as follows:
1. Against AFNI, INC. in the amount of $15,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

"without recourse"
By: Hussan Crawford
c/o 4932 Old Court Rd.
NON-DOMESTIC
Baltimore, Maryland
zip code exempt (122.32)